**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

**PLANNED PARENTHOOD ARKANSAS &**
**EASTERN OKLAHOMA d/b/a PLANNED**
**PARENTHOOD GREAT PLAINS, on behalf of**
**itself and its patients, and LITTLE ROCK**
**FAMILY PLANNING SERVICES, on behalf of**
**itself and its patients**                                           **PLAINTIFFS**

      **v.**            **CASE NO. 4:17CV401-JM**

**NATHANIEL SMITH, in his capacity as**
**Director and State Health Officer,**
**ARKANSAS DEPARTMENT OF HEALTH**                      **DEFENDANT**

## ANSWER

COMES the Defendant, Nathaniel Smith, in his official capacity as the Director and State Health Officer for the Arkansas Department of Health, and for his Answer to the Plaintiffs' Complaint, states as follows:

1.      Defendant denies that Plaintiffs' complaint states a valid cause of action for declaratory or injunctive relief under the United States Constitution and/or 42 U.S.C. § 1983.   Defendant denies that Act 383 violates Plaintiffs' constitutional rights or the rights of Plaintiffs' actual or prospective patient, and denies any wrongdoing whatsoever. Defendant denies that Act 383 impermissibly burdens women's right to decide to abort their pregnancies.   Defendant admits that Act 383 takes effect on July 30, 2017.  Exhibit A to Plaintiffs' complaint, a copy of Act 383, speaks for itself; to the extent Plaintiffs' allegations contained in paragraph 1 of their complaint are inconsistent with the Act, Defendant denies the

same.  Defendant denies all other allegations contained in paragraph 1 of Plaintiffs' complaint.

2.     Act 383 speaks for itself; to the extent Plaintiffs' allegations contained in paragraph 2 of their complaint are inconsistent with the Act, Defendant denies the same.  Defendant denies all other allegations contained in paragraph 2 of Plaintiffs' complaint.

3.     Defendant denies the allegations contained in paragraph 3 of Plaintiffs' complaint.

4.     Defendant admits that during a period of revocation or suspension of an Arkansas abortion clinic's operating license that clinic is compelled by law to suspend the performance of abortions.  Defendant denies remaining allegations contained in paragraph 4 of Plaintiffs' complaint.

5.     Defendant denies the allegations contained in paragraph 5 of Plaintiffs' complaint.

6.     Defendant denies the allegations contained in paragraph 6 of Plaintiffs' complaint.

7.     Defendant denies the allegations contained in paragraph 7 of Plaintiffs' complaint.

8.     Defendant admits the allegations contained in paragraph 8 of Plaintiffs' complaint.

9.     Defendant admits the allegations contained in paragraph 9 of Plaintiffs' complaint.

10.    Defendant is without sufficient information to either admit or to deny the allegations contained in paragraph 10 of Plaintiffs' complaint and, therefore, denies the same.

11.    Defendant is without sufficient information to either admit or to deny the allegations contained in paragraph 11 of Plaintiffs' complaint and, therefore, denies the same.

12.    Defendant admits the allegations contained in paragraph 12 of Plaintiffs' complaint.

13.    Defendant is without sufficient information to either admit or to deny the allegations contained in the first sentence of paragraph 13 of Plaintiffs' complaint and, therefore, denies the same.  Defendant denies all other allegations contained in paragraph 13 of Plaintiffs' complaint, and specifically denies that one in three women aged 45 in the United States have aborted a pregnancy.

14.    Defendant admits the allegations contained in paragraph 14 of Plaintiffs' complaint.

15.    Defendant admits the allegations contained in paragraph 15 of Plaintiffs' complaint.

16.    Defendant admits the allegations in the first sentence of paragraph 16 of Plaintiffs' complaint.  Defendant is without sufficient information to either admit or to deny the allegations contained in the second sentence of paragraph 16 of Plaintiffs' complaint and, therefore, denies the same.

17.    Defendant is without sufficient information to either admit or to deny the allegations contained in paragraph 17 of Plaintiffs' complaint and, therefore, denies the same.

18.    Defendant admits the allegations contained in paragraph 18 of Plaintiffs' complaint.

19.    Defendant denies the allegations contained in paragraph 19 of Plaintiffs' complaint.

20.    Defendant responds to paragraph 20 of Plaintiffs' complaint that the United States Supreme Court's decision in *Whole Woman's Heath v. Hellerstedt* speaks for itself.  Defendant denies all other allegations contained in paragraph 20 of Plaintiffs' complaint.

21.    Defendant admits the allegations contained in paragraph 21 of Plaintiffs' complaint.

22.    Defendant denies the allegations contained in paragraph 22 of Plaintiffs' complaint.

23.    Defendant denies the allegations contained in paragraph 23 of Plaintiffs' complaint.

24.    Defendant denies the allegations contained in paragraph 24 of Plaintiffs' complaint.

25.    Defendant admits that it routinely issues statements of deficiencies following its inspections of health facilities.  Defendant denies all other allegations contained in paragraph 25 of Plaintiff's complaint.

26.    Defendant admits that it has issued statements of deficiencies to Plaintiffs in the past.    Defendant denies all other allegations contained in paragraph 26 of Plaintiff's complaint.

27.    Defendant denies the allegations contained in paragraph 27 of Plaintiffs' complaint.

28.    Defendant is without sufficient information to either admit or to deny the allegations contained in paragraph 28 of Plaintiffs' complaint and, therefore, denies the same.

29.    Defendant is without sufficient information to either admit or to deny the allegations contained in paragraph 29 of Plaintiffs' complaint and, therefore, denies the same.

30.    Defendant is without sufficient information to either admit or to deny the allegations contained in paragraph 30 of Plaintiffs' complaint and, therefore, denies the same.

31.    Defendant is without sufficient information to either admit or to deny the allegations contained in paragraph 31 of Plaintiffs' complaint and, therefore, denies the same.

32.    Defendant is without sufficient information to either admit or to deny the allegations contained in paragraph 32 of Plaintiffs' complaint and, therefore, denies the same.

33.     Defendant is without sufficient information to either admit or to deny the allegations contained in paragraph 33 of Plaintiffs' complaint and, therefore, denies the same.

34.     Defendant notes that on page 9 of Plaintiffs' complaint is a second paragraph numbered 29.  Defendant is without sufficient information to either admit or to deny the allegations contained in this paragraph and, therefore, denies the same.

35.     Defendant notes that on page 9 of Plaintiffs' complaint is a second paragraph numbered 30.  Defendant is without sufficient information to either admit or to deny the allegations contained in this paragraph and, therefore, denies the same.

36.     Defendant notes that on page 9 of Plaintiffs' complaint is a second paragraph numbered 31.  Defendant is without sufficient information to either admit or to deny the allegations contained in this paragraph and, therefore, denies the same.

37.     Defendant responds to paragraph 34 of Plaintiffs' complaint that Ark. Admin. Code § 007.05.2-8(G) speaks for itself.   Defendant denies all other allegations contained in paragraph 34 of Plaintiffs' complaint.

38.     Defendant is without sufficient information to either admit or to deny the allegations contained in paragraph 35 of Plaintiffs' complaint and, therefore, denies the same.

39.     Defendant responds to paragraph 36 of Plaintiffs' complaint that Ark. Code Ann. §§ 20-9-215(a) and § 25-15-211(c), and Ark. Admin. Code § 007.05.12-4(D) speak for themselves. Defendant denies all other allegations contained in paragraph 36 of Plaintiffs' complaint.

40.     Defendant denies the allegations contained in paragraph 37 of Plaintiffs' complaint.

41.     Defendant is without sufficient information to either admit or to deny the allegations contained in paragraph 38 of Plaintiffs' complaint and, therefore, denies the same.

42.     Defendant denies the allegations contained in paragraph 39 of Plaintiffs' complaint.

43.     Defendant admits that the 91st Arkansas General Assembly passed Act 45, Act 603, Act 733, and Act 1018, all of which speak for themselves. Defendant denies all other remaining allegations contained in paragraph 40 of Plaintiffs' complaint.

44.     Defendant admits that persons associated and affiliated with Plaintiffs and their counsel herein have filed a lawsuit attacking Act 45, Act 603, Act 733, and Act 1018 of the 91st Arkansas General Assembly.

45.     Defendant denies the allegations contained in paragraph 42 of Plaintiffs' complaint.

46.     Defendant denies the allegations contained in paragraph 43 of Plaintiffs' complaint.

47.     Defendant responds to paragraph 44 of Plaintiffs' complaint that Ark.. Code Ann. § 20-9-302 as amended by Act 383 speaks for itself.  Defendant denies all other allegations contained in paragraph 44 of Plaintiffs' complaint.

48.     Defendant responds to paragraph 45 of Plaintiffs' complaint that Ark.. Code Ann. § 20-9-302 as amended by Act 383 speaks for itself.  Defendant denies all other allegations contained in paragraph 45 of Plaintiffs' complaint.

49.     Defendant denies the allegations contained in paragraph 46 of Plaintiffs' complaint.

50.     Defendant admits Act 383 will go into effect on July 30, 2017. Defendant denies the remaining allegations contained in paragraph 47 of Plaintiffs' complaint.

51.     Defendant admits that Act 383 protects the health of women who decide to have an abortion.  Defendant denies all other allegations contained in paragraph 48 of Plaintiffs' complaint.

52.     Defendant responds to paragraph 49 of Plaintiffs' complaint that Ark.. Code Ann. § 20-9-302 as amended by Act 383 speaks for itself.  Defendant denies all other allegations contained in paragraph 49 of Plaintiffs' complaint.

53.     Defendant denies the allegations contained in paragraph 50 of Plaintiffs' complaint.

54.     Defendant responds to paragraph 51 of Plaintiffs' complaint that Plaintiffs' Exhibit B speaks for itself.  Defendant denies the allegations contained in paragraph 51 of Plaintiffs' complaint and Exhibit B thereto.

55.     Defendant responds to paragraph 52 of Plaintiffs' complaint that Plaintiffs' Exhibit B speaks for itself.  Defendant denies the allegations contained in paragraph 52 of Plaintiffs' complaint and Exhibit B thereto.

56.     Defendant responds to paragraph 53 of Plaintiffs' complaint that Plaintiffs' Exhibit B speaks for itself.  Defendant denies the allegations contained in paragraph 53 of Plaintiffs' complaint and Exhibit B thereto.

57.     Defendant denies the allegations contained in paragraph 54 of Plaintiffs' complaint.

58.     Defendant denies the allegations contained in paragraph 55 of Plaintiffs' complaint.

59.     Defendant denies the allegations contained in paragraph 56 of Plaintiff's complaint.

60.     Defendant denies the allegations contained in paragraph 57 of Plaintiffs' complaint.

61.     Defendant is without sufficient information to either admit or to deny the allegations contained in paragraph 58 of Plaintiffs' complaint and, therefore, denies the same.

62.     Defendant denies the allegations contained in paragraph 59 of Plaintiffs' complaint.

63.     Defendant denies the allegations contained in paragraph 60 of Plaintiffs' complaint.

64.     Defendant denies the allegations contained in paragraph 61 of Plaintiffs' complaint.

65.     Defendant denies the allegations contained in paragraph 62 of Plaintiffs' complaint.

66.     Defendant denies the allegations contained in paragraph 63 of Plaintiffs' complaint.

67.     Defendant denies the allegations contained in paragraph 64 of Plaintiffs' complaint.

68.     Defendant denies the allegations contained in paragraph 65 of Plaintiffs' complaint.

69.     Defendant is without sufficient information to either admit or to deny the allegations contained in paragraph 66 of Plaintiffs' complaint and, therefore, denies the same.

70.     Defendant denies the allegations contained in paragraph 67 of Plaintiffs' complaint.

71.     Defendant denies the allegations contained in paragraph 68 of Plaintiffs' complaint.

72.     Defendant denies the allegations contained in paragraph 69 of Plaintiffs' complaint.

73.     Defendant denies that Act 383 substantially burdens women's right to decide to have an abortion and denies all other allegations contained in paragraph 70 of Plaintiffs' complaint.

74.     Defendant recognizes that Plaintiffs re-allege and incorporate paragraphs 1 through 70 of their complaint into paragraph 71 of their complaint. Defendant re-alleges and incorporates his responses to paragraphs 1 through 70 of Plaintiffs' complaint into his response to paragraph 71 of the complaint as if stated word-for-word herein.

75.     Defendant denies the allegations contained in paragraph 72 of Plaintiffs' complaint.

76.     Defendant recognizes that Plaintiffs re-allege and incorporate paragraphs 1 through 72 of their complaint into paragraph 73 of their complaint. Defendant re-alleges and incorporates his responses to paragraphs 1 through 72 of Plaintiffs' complaint into his response to paragraph 73 of the complaint as if stated word-for-word herein.

77.     Defendant denies the allegations contained in paragraph 74 of Plaintiffs' complaint.

78.     Defendant recognizes that Plaintiffs re-allege and incorporate paragraphs 1 through 74 of their complaint into paragraph 75 of their complaint. Defendant re-alleges and incorporates his responses to paragraphs 1 through 74 of Plaintiffs' complaint into his response to paragraph 75 of the complaint as if stated word-for-word herein.

79.     Defendant denies the allegations contained in paragraph 76 of Plaintiffs' complaint.

80.     Defendant denies that Plaintiffs are entitled to the relief sought in Section VI of their complaint, including subparts A, B, C, and D.

81.     Defendant generally and specifically denies any allegations not specifically admitted herein.

82.     Defendant reserves the right to supplement or amend his answer and plead further in this matter.

## AFFIRMATIVE DEFENSES

83.     The Plaintiffs' complaint should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

84.     The Plaintiffs' complaint fails to state a claim upon which relief may be granted and, accordingly, should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

85.     Defendants reserve defenses of insufficiency of service under Federal Rule of Civil Procedure 12(b)(4), insufficiency of service of process under Federal Rule of Civil Procedure 12(b)(5), and failure to join necessary parties under Rule 19 and Rule 12(b)(7) of the Federal Rules of Civil Procedure.

86.     The Plaintiffs' claims are barred by the doctrine of sovereign immunity.

87.     Plaintiffs lack standing to bring the claims set forth in their complaint.

88.     The claims set forth in the Plaintiffs' complaint are not ripe for adjudication.

89.     Plaintiffs are not entitled to the damages and other relief sought against Defendant.

Wherefore, Defendant respectfully prays for an order dismissing Plaintiffs' complaint with prejudice, and for all other legal and equitable relief the Court deems just and proper.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

By:     */s/ Monty V. Baugh*
        Monty V. Baugh
        Ark Bar No. 2008138
        Deputy Attorney General
        Arkansas Attorney General's Office
        323 Center Street, Suite 200
        Little Rock, AR 72201
        Phone:  (501) 682-1681
        Fax:     (501) 682-2591
        Email:  monty.baugh@arkansasag.gov

        *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I, Monty V. Baugh, do hereby certify that on July 24, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system, which shall send notification of the filing to any participants.

*/s/ Monty V. Baugh*
Monty V. Baugh